# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Covington Division**

| | | |
|---|---|---|
| Kristin McCarthy | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Unifund CCR, LLC | ) | |
| *Successor in Interest to* | ) | |
| First Resolution Investment Corp. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Unifund CCR Partners | ) | |
| *Succcessor in Interest to* | ) | |
| First Resolution Investment Corp. | ) | |
| *and Assumed Name for* | ) | |
| Credit Card Receivables Fund, Inc. *and* | ) | |
| ZB Limited Partnership | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Credit Card Receivables Fund, Inc. | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road | ) | |
|     Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
|     ZB Limited Partnership | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road | ) | |
|     Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
| Michael J. Keeney | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Michael J. Keeney | ) | |
|     7000 Houston Rd. | ) | |
|     Suite 17 | ) | |
|     Florence, KY 41042-4882 | ) | |

# **COMPLAINT and DEMAND FOR JURY TRIAL**

\* \* \* \* \*

## **INTRODUCTION**

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

## **JURISDICTION**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Plaintiff Kristin McCarthy asks the Court to take supplemental jurisdiction over her related state statutory claim under 28 U.S.C. § 1367.

## **PARTIES**

3. Plaintiff Kristin McCarthy, formerly known as Kristin Pollard, is a natural person who resides in Boone County, Ky. Ms. McCarthy is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Unifund CCR, LLC is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR, LLC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR, LLC's principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

5. Unifund CCR, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6. Unifund CCR Partners is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

7. Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

8. Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

9. Michael J. Keeney is an attorney licensed to practice law in the Commonwealth of Kentucky. Mr. Keeney's regularly represents Unifund CCR, LLC and/or Unifund CCR Partners ("Unifund"). Mr. Keeney's practices consists primarily of collecting consumer debts, including collecting debts from Kentucky consumers.

10. Mr. Keeney is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## **RELEVANT FACTS**

11. Like Unifund, First Resolution Investment Corp. ("FRIC") is a third-party debt buyer and debt collector. (As explained below, Unifund is the successor in interest to FRIC.)

12. FRIC is or was a Canadian corporation.

13. On March 25, 2010, FRIC filed suit against Ms. McCarthy in Boone District Court in Case No. 10-C-00739.

14. A true and accurate of the Boone District Complaint in Case No. 10-C-00739 is attached as Exhibit "A."

15. FRIC's complaint was an attempt to collect a charged-off credit card originated by Chase Bank USA, N.A.

16. Upon information and belief, the Chase credit card at issue Boone District Court case was used solely for personal, family, or household purposes, which makes the Chase credit card debt a "debt" within the meaning of the FDCPA.

17. The Boone District Court complaint avers *inter alia* that Ms. McCarthy owed FRIC the principal amount of $1,283.04 plus interest at the rate of 24.00% per annum from June 30, 2006.

18. FRIC moved for default judgment. FRIC's motion for default judgment included no documents that established either Ms. McCarthy's liability for the Chase debt or its right to accrue 24% interest per annum on the debt.

19. A true and accurate copy of FRIC's motion for default judgment is attached as Exhibit "B."

20. The Boone District Court entered default judgment in FRIC's favor on May 5, 2011.

21. A true and accurate copy of the default judgment is attached as Exhibit "C."

22. The default judgment awarded FRIC a principal amount of $1,283.04 at 24% interest per annum from June 30, 2006 until the judgment was paid. *Id.* The default judgment also awarded FRIC $287.27 in attorney's fees and "it's court costs [*sic*]."

23. While the default judgment awards "court costs" to FRIC, no amount of court costs is included or set forth in the amount of the judgment.

24. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

25. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

26. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

27. FRIC did not file a bill of costs in the state court action.

28. FRIC did not serve a bill of costs on Ms. McCarthy.

29. There is no supplemental judgment entered in the Boone District Court Case awarding FRIC costs.

30. On or about March 19, 2015, the Unifund Group acquired all of FRIC's assets.

31. Upon information and belief, Unifund Group acquired the FRIC judgment against Ms. McCarthy as part of this acquisition.

32. Upon information and belief, Unifund CCR, LLC and Unifund CCR Partners are affiliated with the Unifund Group.

33. On January 25, 2016, Michael J. Keeney entered his appearance as counsel for FRIC in Boone District Court Case No. 10-C-00739.

34. On March 24, 2016, Mr. Keeney filed a wage garnishment ("Wage Garnishment") on Ms. McCarthy's employer in connection with Boone District Court Case No. 10-C-00739.

35. Upon information and belief, Mr. Keeney filed the Wage Garnishment on behalf of Unifund.

36. A true and accurate copy of the Wage Garnishment is attached as Exhibit "D."

37. The Wage Garnishment states that the amount due as of March 24, 2016 is $7,856.31, plus court costs in the amount of $301.50.

38. Upon information and belief, the actual court costs incurred by FRIC in Boone District Court Case No. 10-C-00739 were no more than $125.00, and were probably less than that.

39. Upon information and belief, the $301.50 in "court costs" recited in the Wage Garnishment includes fees and costs that are not recoverable as court costs under Kentucky law. Nor is there any Bill of Costs that explains what these costs are or awards these costs to FRIC or to Unifund.

40. The amount due as stated in the Wage Garnishment grossly inflates the amount due under the plain terms of the FRIC default judgment.

41. The FRIC default judgment ("Default Judgment") awards FRIC (or Unifund as FRIC's successor in interest) "the sum of $1,283.04 plus interest at the rate of 24.00% per annum from June 30, 2006 until the date of judgment…."

42. The Default Judgment was entered on May 4, 2011.

43. There are 1,769 days between June 6, 2006 and May 4, 2011.

44. So the total interest on the Chase credit card debt at issue in the case as of the date the Default Judgment was $1,492.40 (1,769 days*.24/365 days*$1,283.04).

45. This means the total principal and interest of the Default Judgment on May 4, 2011 was $2,775.44 ($1,492.40 + 1,283.04).

46. So the amount in the Default Judgment subject to post-judgment interest was $2,775.44.

47. There are 1,786 days between May 4, 2011 and March 24, 2016 (the date Mr. Keeney served the Wage Garnishment).

48. So the total interest accrued on the Default Judgment as of the date of the service of the Wage Garnishment was $3,259.36 (1,786 days*.24/365 days* $2,775.44).

49. This means that the total principal and interest due on the Default Judgment as of March 24, 2015 was $6,034.80.

50. Adding attorney's fees in the Default Judgment makes the total amount due $6,322.07 or $1,534.24 *less* than the amount Mr. Keeney and Unifund claimed was due under the Default Judgment in the March 24th Wage Garnishment.

51. The legal rate of interest under Kentucky law is 8.00% per annum.

52. The 24.00% per annum interest rate awarded to FRIC in the Default Judgment is grossly in excess of the legal rate.

53. The 24.00% per annum interest rate awarded to FRIC in the Default Judgment is usurious under Kentucky law. Consequently, Unifund as FRIC's successor in interest has forfeited its right to recover *any* interest from Ms. McCarthy by garnishing her wages at a usurious interest rate:

> The taking, receiving, reserving, or **charging a rate of interest greater than is allowed by KRS 360.010**, when knowingly done, **shall be deemed a forfeiture of the entire interest** which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.

KRS 360.020 (bolding added).

54. Further, Ms. McCarthy has the right to recover twice the usurious interest paid to Unifund under the Wage Garnishment:

> In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the creditors taking or receiving the same: provided, that such action is commenced within two (2) years from the time the usurious transaction occurred.

*Id.*

55. The Default Judgment is no bar to Ms. McCarthy's cause of action under KRS 360.020. *Sherley v. Trabue*, 85 Ky. 71, 2 S.W. 656, 657 (1887) ("Our conclusion is that the borrower may recover usury paid by him either upon a judgment at law or in equity, and that he may do so by an action at law."). *Accord Courtney v. Dunning*, 201 Ky. 242, 256 S.W. 411, 412 (1923).

56. Ms. McCarthy is currently the only breadwinner in her household.

57. Ms. McCarthy's husband is a disabled veteran who ably served his country in the U.S. armed forces.

58. The funds taken out of Ms. McCarthy's pay have caused great economic hardship for Ms. McCarthy and her husband.

59. The Wage Garnishment has also taken a huge emotional and physical toll on Ms. McCarthy.

60. Unifund violated the FDCPA by taking usurious interest from Ms. McCarthy, by misrepresenting the amount of the debt in the Wage Garnishment, including costs and fees in the amount of court costs listed in the Wage Garnishment that are not allowable as court costs, and including a claim for court costs in the Wage Garnishment where no Bill of Costs was filed in the Boone District Court Case.

61. Michael Keeney violated the FDCPA by misrepresenting the amount of the debt in the Wage Garnishment, including costs and fees in the amount of court costs listed in the Wage Garnishment that are not allowable as court costs, and including a claim for court costs in the Wage Garnishment where no Bill of Costs was filed in the Boone District Court Case.

## **Claims for Relief**

### I. Claims against Unifund CCR, LLC and/or Unifund CCR Partners

#### A. Violations of the FDCPA

62. The foregoing acts and omissions of Unifund CCR, LLC and/or Unifund CCR Partners constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

#### B. Violation of KRS 360.020

63. Unifund filed a Wage Garnishment on Ms. McCarthy's employer that included simple interest accrued at 24% per annum.

64. The 24% per annum accrued interest violates the interest permitted by KRS 360.010.

65. By collecting usurious interest from Ms. McCarthy, Unifund has forfeited the right to any interest from Ms. McCarthy under the Default Judgment.

66. Under KRS 360.020, Ms. McCarthy has the right to recover twice the usurious interest paid to Unifund under the Wage Garnishment.

### II. Claims against Michael J. Keeney

67. The foregoing acts and omissions of Michael J. Keeney constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kristin McCarthy requests that the Court grant her the following relief:

1. Award Plaintiff actual damages, including but not limited to damages for emotional distress, upset, frustration, and anxiety as the result of the usurious interest paid to Unifund under the Wage Garnishment;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3. Award Plaintiff twice the total usurious interest paid to Unifund under the Wage Garnishment pursuant to KRS 360.020.

4. Award Plaintiff reasonable attorney's fees and costs;

5. A trial by jury; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com